# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA MOBILE DIVISION

| | |
|---|---|
| Whitney Hobbs, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| JamRock Solutions, LLC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Whitney Hobbs, ("Plaintiff"), and hereby brings her Complaint against JamRock Solutions, LLC ("Defendant" or "JamRock") and seeks redress for discrimination suffered in Plaintiff's capacity as an employee of JamRock. Plaintiff has been discriminated and retaliated against by JamRock on account of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under Title VII of the Civil Rights Act of 1964.

1

2. The unlawful employment acts alleged herein took place within the Mobile Division of the Southern District of Alabama.

3. Venue is proper in this Court, The United States District Court for the Southern District of Alabama, pursuant to Title 28, U.S.C § 1391(b)(2) and the Local Rules of the United States District Court for the Southern District of Alabama.

## PARTIES

4. Plaintiff Whitney Hobbs is a female resident citizen in the State of Alabama and over nineteen (19) years of age.

5. At all relevant times to this action, the Plaintiff was an "employee" of JamRock as defined under Title VII of the Civil Rights Act of 1964.

6. JamRock operates a Delivery Service within the Southern District of Alabama in Mobile County, Alabama.

7. At all times relevant to this action, JamRock was an "employer" as defined under Title VII of the Civil Rights Act of 1964.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

8. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about April 9, 2024, Plaintiff caused a Charge of Discrimination in employment to be filed with the Equal Employment Opportunity Commission.

9. A Notification of a Right to Sue Letter dated June 27, 2024, was received by the Plaintiff, and this Complaint has been filed this action within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the Notice of Right to Sue is attached as Exhibit 1.

## GENERAL FACTS

10. Plaintiff was hired by Defendant on or about October of 2022 as a Delivery Driver Associate.

11. Plaintiff was subjected to a hostile work environment on behalf of her Operations Manager, Justin Stokes, hereafter referred to as "Stokes."

12. Plaintiff reported Stokes sexual harassment on or about January 8, 2024, and on or about January 21, 2024, Plaintiff was constructively discharged.

13. After Plaintiff filed a Charge of Discrimination with the EEOC, a Right to Sue was issued which stated in part that the EEOC "found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge."

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000E ET SEQ.

**(Hostile Work Environment-Sexual Harassment)**

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above, as if fully set out herein.

15. Plaintiff is a female and a member of a protected class.

16. The conduct herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. as Defendant has engaged in the practice of a hostile work environment against Plaintiff which male employees were not subject to.

17. Plaintiff's harasser, Stokes, worked as an Operations Manager for Defendant.

18. Throughout Plaintiff's employment with Defendant, Plaintiff endured sexual harassment on behalf of Stokes.

19. Specifically, throughout the months of October, November and December of 2023, Stokes stared at Plaintiff's buttocks and breasts.

20. Despite Plaintiff's objections, Stokes continued his inappropriate sexual conduct.

21. On or about November of 2023, while working her normally scheduled shift, Stokes stated to Plaintiff that he "liked my [his] butt eaten," which Plaintiff perceived as a sexually charged and inappropriate comment directed at Plaintiff.

22. On numerous occasions throughout the months of October, November and December of 2023, Stokes commented that Plaintiff's breasts were "nice," further subjecting her to a hostile work environment.

23. Stokes continued his sexually charged advances towards Plaintiff and on or around December of 2023, Stokes informed Plaintiff that he would "quit my [his] job if we [they] were to become a couple."

24. On multiple occasions, Plaintiff requested that Stokes halt his sexual advances towards her, but Stokes persisted.

25. Throughout Plaintiff's employment with Defendant, on multiple occasions, Stokes made grunting noises towards Plaintiff, which Plaintiff perceived to be sexual in nature.

26. On or about January 8, 2024, Plaintiff submitted a complaint to Kirk Morrison, the owner of Defendant regarding Stokes' sexual harassment.

27. After Plaintiff's complaint, no action was taken to prevent Stokes' sexually charged comments and actions towards Plaintiff, and Plaintiff subsequently feared for her safety.

28. Defendant, through their employee Stokes, created a hostile work environment based on Plaintiff's sex that was severe and pervasive enough to alter the terms of her employment.

29. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States and, as such, Plaintiff if entitled to punitive damages.

30. Plaintiff suffered and continues to suffer emotional distress and other damages as a result of Defendant's unlawful discrimination.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E-3(a)

### (Retaliation)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 above, as if fully set out herein.

32. On or about January 8, 2024, Plaintiff engaged in a protected activity when reporting Stokes sexual harassment to the owner of Defendant, Kirk Morrison.

33. After Plaintiff's complaint, on or about January 11, 2024, Stokes removed Plaintiff from the schedule for approximately two weeks.

34. After Plaintiff returned to work due to her removal from the schedule for reporting Stokes' sexual harassment, Stokes assigned Plaintiff to an undesirable shift

from 10am-10pm with a considerably larger route than before she reported Stokes' sexual harassment.

35. Due to Plaintiff's schedule removal and shift change, Plaintiff believed she was being retaliated against for reporting Stoke's sexual harassment.

36. As a result, Plaintiff was constructively discharged by Defendant on or about January 21, 2024, for reporting the sexual harassment she endured on behalf of Defendant's employees, Stokes.

37. Defendant's discriminatory action(s) against Plaintiff in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States and, as such, Plaintiff is entitled to punitive damages.

38. Defendant intentionally discriminated against Plaintiff for constructively discharging Plaintiff for opposing an unlawful employment practice.

39. Defendant's retaliatory action against Plaintiff, in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

40. Plaintiff suffered and continues to suffer emotional distress and other damages as a direct result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Whitney Hobbs by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Whitney Hobbs by providing compensation for pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/Jeremy Schatz
D. Jeremy Schatz
ASB-2400-H34Y
Attorney for Plaintiff

OF COUNSEL:
Virtus Law Group
2017 Morris Avenue Ste 100
Birmingham, AL 35203
js@vlgal.com
205-946-1924

**Clerk: Please serve the Defendant via certified mail:**

JamRock Solutions, LLC
c/o Kirk Morrison
4358 Old Shell Rd, Ste B200
Mobile, AL 36608